# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# ABERDEEN DIVISION

**THOMAS TAYLOR**                                                                 **PETITIONER**

**v.**                                                                           **No. 1:16CV84-SA-RP**

**STATE OF MISSISSIPPI, ET AL.**                                                 **RESPONDENTS**

## ORDER TRANSFERRING CASE TO THE
## FIFTH CIRCUIT COURT OF APPEALS

This matter comes before the court on the motion [29] by the State to dismiss the instant petition for a writ of *habeas corpus* as successive under 28 U.S.C. § 2254(b)(3). Thomas Taylor has submitted a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254. The petitioner was convicted in Lowndes County for capital rape on February 11, 1998. The petitioner has filed at least one other unsuccessful 2254 motion concerning the same conviction which he now seeks to challenge. *Taylor v. Booker*, 1:00CV297-S-D (N.D. Miss.) (order and final judgment of January 7, 2002). The Antiterrorism and Effective Death Penalty Act requires that before a district court files a second or successive petition, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." The petitioner has not obtained such an order. Rather than dismissing the petition on this basis, the Fifth Circuit permits district courts to transfer the petition for consideration pursuant to 28 U.S.C. § 2244(a) and (b)(3)(c). *See In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997). Therefore, in the interest of justice and judicial economy, it is **ORDERED:**

    1) That this petition will be transferred to the Fifth Circuit Court of Appeals for the petitioner to seek leave to file this successive § 2254 petition;

2) That the Clerk of Court is directed to transfer this petition and the entire record to the Fifth Circuit Court of Appeals in accordance with 28 U.S.C. § 2244(a) and (b)(3)(c), and *In re Epps*, 127 F.3d at 365;

3) That in light of this order the pending motion [29] by the State to dismiss the instant case as successive is **DISMISSED** as moot;

4) That, likewise, the pending motion by the petitioner for copies of documents is **DISMISSED** as moot; and

5) That this case is **CLOSED.**

**SO ORDERED**, this, the 9th day of March, 2017.

                                                    /s/ Sharion Aycock
                                                  **U.S. DISTRICT JUDGE**